The State of Texas
In The Court of Criminal Appeals of Texas
At Austin, Texas

72,089-08

The State Of Texas
VS.

Ex Parte Robert K. Boulds
Appellant

In Criminal District Court
No. 176th of
Harris County, Tx.
Trial Cause No. 996316
WR-72,089-04

This document contains some
pages that are of poor quality
at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 0 1 2015

Abel Acosta, Clerk

Motion For Leave To File
Out-Of-Time Appeal
Tex. R. App. Proc. 72 Tex Code Crim. Proc. Art. 11.05.

To The Court of Criminal Appeals of Texas: Rule 12

Now comes Appellant Robert K. Boulds argue and offer into evidence on (Invalid Indictment Cause No. 996316) objection against Criminal District Court No. 176th of Harris County, Tx.         for denying Appellant's Habeas Corpus 11.07 for relief and Submits this Motion For Leave To File under Tex. R. App Proc. 72 and Tex. Code Crim. Proc. Art. 11.05.    and respectfully moves this honorable Court to grant leave to file this Original Application For Writ of Habeas Corpus under Tex. Code Crim. Proc. Ann. Art. 11.61 Art. 11.62 Art. 11.63 Art. 11.64 Art. 11.05 to be tendered contemporaneously with this motion, this motion is an objection against the Texas Board of Pardon and Paroles and Texas Department of Criminal Justice-Correctional Institutions Division     for having Appellant Boulds "ILLEGALLY RESTRAINED" and confined, this motion and application alleges Plain Error, Fundamental Error from the record under Rule 52.1 and in support of same will respectfully show this honorable Court the following:

Issue Presented

Ground One: Appellant is Actually Innocence of A VOID Judgement and his incarceration violates Due Process and The Eighth Amendment of the U.S.C.

CC:

P. 1 of

**Ground Two:** Appellant received Ineffective Assistance of Counsel violating The Sixth Amendment and his Texas Const. Rights.

## Statement of Fact

The underlying Proceeding involves an NON-Charging Instrument / VOID Indictment

Appellant contends his NON-Charging/VOID Indictment was not returned by a lawful grand Jury due to the fact that the TERM DATE is missing which is a violation of Art. 33.01 Tex. Code Crim. Proc. Furemore Without the Grand Jury's TERM DATE was there in fact any Grand Jury empaneled on any given day in Harris County, Tx. i.e. Term of grand Jury was ommitted in the indictment Cause No. 996316

Also there's NO ORIGINAL FILE STAMP of the district Clerk's office which is strong evidence that a returned indictment was not presented to the court within the meaning of Art. 20.21 Tex. Code Crim. Proc.

It also lacks the district attorney or one of his/her assistant's Signature.

Defect in Substance and Form-Violation of Art. 32.02- A trial has authority to dismiss a charging instrument WITH PREJUDICE for a defect of Form or Substance

The trial court had NO Subject or Personal Jurisdiction over appellant and the record does Show that the trial court had NO plenary Power, NO authority to act nor any Jurisdiction to try this case. Thus DISMISSAL WITH PREJUDICE is the only remedy.

The trial Counsel **Hal Hudson** trial strategy of incompetence invoked an actual conflict of interest that was indisputed deficient, by failure to familiarize himself With the Invalid Indictment, the trial Counsel's failure to object to the Invalid Indictment at Pre-trial hearing under Tex. Code Crim. Proc. Art. 28.01(4) and failed to file motion to set aside the VOID Indictment Under Art. 28.06 Constituted ineffective assistance of Counsel, SEE Black V. State 816 S.W. 2d 350 Tex. Crim. App. 1991

## Prayer

Appellant prays that this honorable Court grant leave in this Motion For Leave To File Under Art. 11.05. to Proceed in this Original application of complaint of being "ILLEGALLY RESTRAINED" and confined by the above officials in the name of Justice and for Relief. Amen

CC:

## Unsworn Declaration

I, Robert K. Boulds #1311781 being presently incarcerated in the William P. Clements Unit of the Texas Department of Criminal Justice in Potter County, Tx. according to my belief declare under penalty of Perjury, the facts stated in this motion are true and correct under V.T.C.A. Civil Prac. + Rem. Code § 132.001

Date: Aug. 23, 2015

Robert K. Boulds #1311781
Robert K. Boulds #1311781

## Certificate of Service

I, Robert K. Boulds #1311781 do hereby certify that a true and correct copy of the above motion has been forwarded by the United States mail system postage pre-paid to the following addresses:

The Court of Criminal Appeals
P.o. Box 12308
Captiol Station
Austin, Tx. 78711

Harris County Dist. Clerk
P.o. Box 4651
1201 Franklin St.
Houston, Tx. 77210

Aug. 23, 2015
DATE

Robert K. Boulds #1311781
Robert K. Boulds #1311781

CC:

# The State of Texas
## In The Court Of Criminal Appeals Of Texas
### At Austin, Texas

Ex Parte Robert K. Boulds
        **Appellant,**

    VS.

Texas Board of Pardons and Paroles
    VS.

Texas Department of Criminal Justice-
Correctional Institutions Division
      **Respondents.**

WR-72,089-04
Trial Ct. No. 996316

## Out-of-Time Appeal
## Application For Writ of Habeas Corpus
### Tex. Code Crim. Proc. Ann. Art. 11.05.

## Jurisdiction + Venue

This is a Out-of-Time Appeal complaint authorized by this Original Application For Writ of Habeas Corpus under Art. 11.05. Pursuant to Tex. Code Crim. Proc. Ann. Art. 11.01, Art. 11.02, Art. 11.03, Art. 11.04, Art. 11.05, Art. 11.15-11.65 and this Criminal District Court No. 176th of Harris County Tx. have original Jurisdiction in this Out-of-Time Appeal case under Tex. Code Crim. Proc. Ann. Art. 4.05. The Court of Criminal Appeals have original Jurisdiction under Tex. R. App. Proc. Rule 72, Rule 74, Rule 75, Rule 78(d) Tex. Code Crim. Proc. Ann. Art. 4.04 See Tex. Gov't Code 22.002(C) and 22.221(a)(b) for submission for En Banc under Tex. R. App. Proc. 41(C) and Rule 76(C) for want of Jurisdiction under Tex. Gov't Code 22.001(a) 1.2 and 22.225(b) 3(C)(d) on request for a injunctive relief to remand to Recuse in Tex. R. Civ. P. 18(a)(b) Tex. R. Civ. Proc. 13 Tex. Civ. Prac. + Rem. Code Chapter 1328 14.001-14.0014 and 15.001 and Benefits.

The Appellant Boulds argue and offer into evidence an Invalid Indictment (Cause No. 996316) objection against the Criminal District Court No. 176th of Harris County, Tx. for denying Appellant's habeas corpus 11.07 for relief Under Art. 11.15 and Art. 11.16 when the Court has Knowledge that a Person is "Illegally Restrained" and confined in his liberty.

C.P.:

The Appellant Braulds object against the Texas Board of Pardons and Paroles and Texas Department of Criminal Justice-Correctional Institution Division for having Appellant "Illegally Restrained" and confined.

At the threshold the District Court and Court of Criminal Appeals must decide whether the Due Process Clause of the United States Constitution forbids the incarceration of an innocence Person. It is clear from a VOID Judgement to punish an innocence Person is as much a violation of the Due Process Clause as is the execution of such a Person; It follows that claim of Actual innocence are coonizable by this Court in an original habeas corpus proceeding whether Punishment assessed is death or confinement. In either case such claims raise of Federal Constitutional magnitude, SEE Ex. Parte Bravo 702 S.W. 2d 189 (Tex. Crim. App. 1982)

## Issue Presented

Ground One: The Appellant is Actually Innocence of A VOID Judgement and his Incarceration Violates Due Process of the Eisth Amendment

Ground Two: Appellant received Ineffective Assistance of Counsel violating The Sixth Amendment and his Texas Constitutional Rights

## Statement Of Fact

The underlying Proceeding involves on NON-charging Instrument / VOID Indictment

Appellant contends his NON-Charging Instrument / VOID Indictment was not returned by a lawful grand Jury due to the fact that the TERM DATE is missing which is a violation of Art. 3.061 Tex. Code Crim. Prox. foremore without the grand Jury's TERM DATE was there in fact any grand Jury empaneled on any given day in Harris County. I.E. Term of grand Jury was ommitted in the indictment cause NO. 996316

Also there's NO ORIGINAL FILE STAMP of the district Clerk's office which is Strong evidence that a returned indictment "WAS NOT" Presented to the court within the meaning of Art. 20.21

The indictment also locks the district attorney or one of his/her assistant's Signature

Clefect in Substance and Form-Violation of Art. 32.02-A trial Court has authority to dimiss a Charging instrument WITH PREJUDICE for a defect of Form or Substance

CC:

The trial court had NO Subject or Personal Jurisdiction over appellant and the record does shows that the trial court had NO Plenary Power, NO authority to act nor any Jurisdiction to try this case. Thus Dismissal WITH PREJUDICE is the only remedy.

Thus the Appellant's Due Process Rights were Violated by the suggestive indictment which contained NO ORIGINAL FILE STAMP NOR TERM DATE that fact convincingly shows the Presentment Requirement "WAS NOT" Satisfied SEE Doston V. State NO PD-0614-06 May 23, 2007

Facts Supporting Ground One: Appellant is Actually Innocence of A VOID Judgement and it is Clear by the face of the inditment SEE Ex Parte Spaulding 687 S.W. 2d 741(Tex. Crim. App. 1985)

Facts Supporting Ground Two: Appellant received Inffective Assistance of Counsel Due to the fact that trial counsel fail to object to the Invalid Indictment thus trial counsel was ineffective SEE Cronic 104 S.Ct. 2039 (1984)

## Prayer

Appellant Prays that this honorable Court grants this application for an Out-of-Time Appeal under Art. 11.05. to Proceed in the complaint of being Illegally Restrained and confined by the above officials and grant Appellant a Dismissal WITH PREJUDICE in the name of Justice for Relief. Amen

## Unsworn Declaration

I, Robert K. Boulds #1311781 being Presently incarcerated in the Williams P. Clements Unit of The Texas Department of Criminal Justice in Potter County, Tx. according to my belief declare under Penalty of Perjury the facts stated in this application are true and correct under V.T.C.A. Civ. Prac.+ Rem. Code 132.001

Aug. 23, 2015
DATE

Robert K. Boulds #1311781
Robert K. Boulds #1311781

cc:

P. 3 of

## Certificate of Service

I, Robert K. Boulds #1311781 do hereby certify that a true and correct copy of the above application has been forwarded by the United States mail System Postage Pre-Paid to the following addresses:

Harris County Dist. Clerk
P. O. Box 4651
1201 Franklin ST.
Houston, Tx. 77210

Court of Criminal Appeals
P. O. Box 12308
Capital Station
Austin, Tx. 78711

Aug. 23, 2015
DATE

Robert K. Boulds #1311781
Robert K. Boulds # 1311781

CC:

P. 4 of 4

STATE OF TEXAS

D.A. LOG NUMBER: 979628

CJIS TRACKING NO.:

ROBERT KEVEN BOULDS

SPN:

01093189

BY: TW DA NO: 063436500

14130 FOUR SIXES

337th GJ

DOB: BM 03/18/71

AGENCY: HCSO

HOCKLEY, TX 77447

DATE PREPARED: 8/4/2004

O/R NO: 0407132177

ARREST DATE: TOBE

CIC CODE: 1115 35

RELATED CASES:

FELONY CHARGE: AGGRAVATED SEXUAL ASSAULT -CHILD
CAUSE NO: 996316
HARRIS COUNTY DISTRICT COURT NO: 176th
FIRST SETTING DATE:

BAIL: $30,000

PRIOR CAUSE NO:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, ROBERT KEVEN BOULDS, hereafter styled the Defendant, heretofore on or about JULY 2, 2004, did then and there unlawfully, intentionally and knowingly cause the penetration of the FEMALE SEXUAL ORGAN of SAVANNA WHITE hereinafter called the Complainant, a person younger than fourteen years of age and not the spouse of the Defendant, by placing HIS SEXUAL ORGAN in the FEMALE SEXUAL ORGAN of the Complainant.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

337TH

FOREMAN

FOREMAN OF THE GRAND JURY

The State of Texas
In The Court of Criminal Appeals Of Texas
At Austin, Texas

The State Of Texas
VS.

In re Robert K. Boulds
          Relator

In Criminal District Court
      No. 176th Of
Harris County, Texas
Trial Cause No. 996316
WJR-72,089-04

Motion For Leave To File
Original Application For Writ of Mandamus
Tex. Code Crim. Proc. Ann. Art. 4.04
Tex Const. Art. 5 Sec. 5

To The Court of Criminal Appeals Of Texas: Rule 12

Now comes, Robert K. Boulds argue and offer into evidence an (Invalid Indictment Cause No. 996316) objection against the Honorable Judge Stacy Bond for denying Relator Boulds Habeas Corpus 11.05. for relief and submits this Motion For Leave To File under Tex. R. App. Proc. 72.1 respectfully moves this Honorable Court to grant leave to proceed in this Original Application For Writ Of Mandumus Pursuant to Tex. R. App. Proc. 72.1 and Tex. Code Crim. Proc. Ann. Art. 4.04 is unable to pay cost and initial filing fees is true and correct Under the penalty of Perjury SEE 28 U.S.C. 1746 for submission For en banc under Tex. R. App. Proc. 76 For want of Jurisdiction under Tex. Const. Art. 5 Sec. 5, Tex. R. App. Proc. 72.1 and Rule 72.2, Tex Gov't Code 22.221(A) On request for a injunctive relief to remand, SEE Tex. R. App. Proc. 44.2(A) Constitutional Error.

The Relator Boulds respectfully moves this court to grant Leave to Proceed in the extraordinary matter and the Application to be tendered contemporaneously with this Motion.

Issue Presented

Ground One: Relator received Judicial Misconduct that Violates Due Process of the Eigth Amendment And The Tex. Const. Art. 1 Sec. 12

CC:

P. 1 of

## Statement Of Fact

On April 28 2015 the Relator Boulds filed a Writ of habeas corpus Art. 11.05 to the Criminal District Court No. 171th of Harris County, Tx. argue and offer into evidence an (Invalid Indictment cause No. 996316) objection against Judge Stacy Bond for failure to comply with the Tex. Code Crim. Proc. Ann. Art. 11.05. Statute that is a duty imposed on an official by law on which is Clearly Fixed and required by law, The Judicial Misconduct show to be unequivocal unconstitutional and Present, is abuse of discretion.

This Judicial Misconduct demonstrate an fundamental Miscarriage of Justice from Cruel and unusal Punishment under Art. 1.09 and Tex. Const. Art. 1 Sec. 13 this extraordinary Writ of Mandamus is for the Court Of Criminal of Texas to inforce it's Jurisdiction to order the lower court to Perform it's Tex. Code Crim. Proc. Ann. Art. 11.05 duty.

## Prayer

Relator Boulds Prays that this Motion and Application be granted and for the Court of Criminal Appeals to inforce the District Court to Perform it's ministerial duty in the criminal law matter of cruelty for Justice for Relief. Amen

## Certificate Of Service

I, Robert K. Boulds # 1311781 do hereby certify that a true and correct copy of the above Motion has been served on the Honorable Judge Stacy Bond of District Court No. 171th of Harris County, Texas and to the Court of Criminal Appeals of Texas At Austin, Texas

Court Of Criminal Appeals, TX.
P.O. Box 12308 Capital Station

Austin, Tx. 78711

~~Harris Court Dist Clerk~~
Harris County Dist. Clerk
P.O. Box 4651
1201 Franklin ST,
Houston, Tx. 77210

*Robert K. Boulds # 1311781*
Robert K. Boulds # 1311781

Aug. 23, 2015
DATE

CC: